**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                   :         Chapter 7

In re:                                                     :

                                                     :         Case No. 07-36011 (CGM)

    Joanne F. Killmer,                        :

                                                     :

                                 Debtor.    :

                                                       :
----------------------------------------------------------------X

## MEMORANDUM DECISION GRANTING MOTION TO REOPEN

**A P P E A R A N C E S :**

McCabe, Weisberg & Conway, P.C.
145 Huguenot Street
New Rochelle, New York 10801
*Attorneys for Beneficial Homeowner Service Corporation*
       By: Charles Higgs, Esq.

McCabe & Mack, LLP
63 Washington Street
Poughkeepsie, NY 12601
*Local Counsel for Beneficial Homeowner Service Corporation*
       By: Lance Portman, Esq.

Corbally Gartland and Rappleyea LLP
35 Market Street
Poughkeepsie, NY 12601
*Attorneys for Patrick Conway*
       By:  William W. Frame, Esq.

Dutchess County Attorney
22 Market Street
Poughkeepsie, New York 12601
*Attorney for Dutchess County*
       By: Keith Byron, Esq.

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Creditor, Beneficial Home Service, Corp. ("Beneficial"), moves to reopen the case so that it may assert a violation of the automatic stay and have a tax judgment and sale declared void. For the following reasons, the Court grants the motion to reopen.

## I. Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate); (G) (motions to terminate, annul, or modify the automatic stay).

## II. Background

The Debtor filed bankruptcy on July 9, 2007 and received a discharge on February 13, 2008. *See* Vol. Pet., ECF No. 1; Req. Discharge, ECF No. 20. The case was closed on April 14, 2011. Req. Ord., ECF No. 36. An *in rem* tax sale of Debtor's property was commenced, the property was sold, and title was transferred between 2008 and 2010—all while the Debtor's bankruptcy case remained open. *See* Dec., ECF No. 38, Ex. G.

On April 16, 2013, Beneficial instituted a foreclosure action against the Debtor in Dutchess County Supreme Court. *See* Mot. ¶ 11. On July 19, 2013, Patrick Conway ("Conway") filed a motion to dismiss the foreclosure action on the grounds that he received title to the property free of Beneficial's mortgage from the tax sale and subsequent deed transfer. *Id.* Beneficial raised the automatic stay as a defense to that motion to dismiss. *Id.* On September 9, 2013, Conway's motion to dismiss was granted on the grounds that the tax sale did not violate the automatic stay. Dec. Ord., ECF No. 38, Ex. J.

Beneficial now moves to reopen this case to ask this Court to find a stay violation and declare the state court tax proceeding and subsequent transfer of title void *ab initio*. Mot., ECF No. 38. Patrick Conway, the current owner of the property, opposes the request.[1] *See* Adams Aff., ECF No. 42; Mem. Law, ECF No. 43. He argues the following: he was not personally served with the motion to reopen; this Court has no jurisdiction to decide the motion to reopen as there is no benefit to the bankruptcy estate; the issues were fully litigated in New York Supreme Court, Dutchess County; Beneficial is barred from raising issues attacking the validity of the judgment by the statute of limitations; Beneficial may not collaterally attack the judgment; there was no violation of the stay; § 352 [sic] benefits the debtor and is not a tool for the benefit of a creditor in post-bankruptcy disputes and, as such, Beneficial has no standing to assert a stay violation. *Id.*

### III.  Discussion

*A. Motion to Reopen*

Section 350 of the Bankruptcy Code permits a case to be reopened "to administer assets, to accord relief, or for other cause." 11 U.S.C. § 350(b). As noted by the court in *Leach v. Buckingham (In re Leach)*, 194 B.R. 812, 815 (E.D. Mich. 1996):

> [t]he reopening of a case is of no independent legal significance or consequence. . . . The effect of 11 U.S.C. § 350(b) is merely to resurrect the court file from the stacks of the closed cases, or even from the archives, to enable it to receive a new request for relief. However, that the opening itself is of no substantive import is not to say that a case may be reopened as a matter of course without regard to its substance. Rather, it is within the sound discretion of the bankruptcy judge to determine whether 'cause' exists to reopen a case.

---

[1] It should be noted that Conway's attorney's affirmation and corresponding memorandum of law were not properly served pursuant to Federal Rule of Civil Procedure 5(b), as required by Federal Rule of Bankruptcy Procedure 9014(b). *See* Aff. Serv., ECF No. 44. The motions were served via email and through the Court's electronic filing system. Federal Rule of Civil Procedure 5(b), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7005 and 9014, may only be sent electronically if the recipient has consented in writing to receive the response that way. Nevertheless, the Court will consider the opposition.

(internal citations and quotations omitted). There is no cause to reopen a case where the ultimate cause of action movant seeks to bring is futile. *In re Wilson*, 492 B.R. 691, 695 (Bankr. S.D.N.Y. 2013). Thus, this Court must consider the relief that is ultimately sought and whether it has the power to grant such relief.

*B. Service of a Motion to Reopen*

Conway argues that this Court does not have personal jurisdiction over him since he was not served with the motion to reopen at his residence. There is no express Code provision or Bankruptcy Rule that requires notice of reopening a case. *See In re Foster*, 2004 WL 437447, at *1 (Bankr. D. Vt. Mar. 3, 2004). Some courts have required service pursuant to Federal Rule of Bankruptcy Procedure 7004. *Id.* This District's Local Rules require that "[i]n addition to all entities otherwise entitled to receive notice, notice of a motion shall be given to any entity believed to have or be claiming an interest in the subject matter of the proposed order or who, it is believed, otherwise would be affected by the proposed order." Bankr. S.D.N.Y. R. 9013-1.

Service under the Federal Rules of Bankruptcy Procedure is more relaxed than under the Federal Rules of Civil Procedure. Federal Rule of Bankruptcy Procedure 7004(b) allows for service by first class mail "[u]pon an individual . . . by mailing a copy of the [motion] to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts business or profession." Fed. R. Bankr. P. 7004(b)(1). According to the affidavit of service that was filed by Beneficial, Conway was served with the motion to reopen on October 14, 2013 via United States mail at 379 Titusville Road, Poughkeepsie, New York. Aff. Serv., ECF No. 38, Ex. J. Conway's attorney admits in his affirmation in opposition to the motion to reopen that that Conway rents out the premises where the motion to reopen was mailed. Adams Aff. ¶ 4. Service was proper under Bankruptcy Rule 7004(b) as it was mailed to a place where

Conway "regularly conducts business." *In re Martin-Trigona*, 763 F.2d 503, 505 (2d Cir. 1985) (finding that service of process by first class mail to a business address is effective and that the district court had personal jurisdiction over appellants).

### C.  Automatic Stay and Creditor Standing to Bring a Motion Enforcing the Stay

Conway argues that the automatic stay protects a debtor and is not meant to be used by a creditor as a tool in post-petition disputes.  While the automatic stay is often viewed as a benefit to debtors since it provides a "breathing spell" from collection efforts, the stay "also protects creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others." *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 586 (9th Cir. 1993).  It ensures that all claims against a debtor will be brought in a single forum and that all creditors will be "treated in an organized and equitable fashion." *Barclays Bank of N.Y. v. Saypol (In re Saypol)*, 31 B.R. 796, 799 (Bankr. S.D.N.Y. 1983).  The stay "prevents creditors from racing to the courthouse seeking to obtain payment of their claims in preference to and to the detriment of other creditors." *Id.*; *see also In re Capgro Leasing Assoc's.*, 169 B.R. 305, 310 (Bankr. E.D.N.Y. 1994) (citing legislative history demonstrating that the stay was meant to protect creditors from acting in their own self-interest to the detriment of other creditors). This view was endorsed by the Second Circuit in *Ostano Commerzanstalt v. Telewide Systems, Inc.*, 790 F.2d 206, 207 (2d Cir. 1986), where the court stated that "[s]ince the purpose of the stay is to protect creditors as well as the debtor, the debtor may not waive the automatic stay."

The property in question here was property of the Debtor and, as such, became property of the estate at the time of filing. 11 U.S.C. § 541(a).  The situation that is alleged to have occurred here is the type of scenario that Congress intended to prevent.  Since the automatic stay is meant to prevent creditors from racing to the courthouse to the detriment of other creditors, the

Court sees no reason why a creditor who has been harmed by a stay violation should not be able to seek redress for its injury. In any event, an act entered in violation of the stay is void whether or not a party makes a motion to declare it so. *48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc. (In re 48th St. Steakhouse, Inc.)*, 835 F.2d 427, 431 (2d Cir. 1987); *In re Bell*, 1995 WL 17819381, at *2 (Bankr. S.D.N.Y. Dec. 29, 1995) (determining that, by definition, a transaction that is "void" is "nugatory and ineffectual" such that no action or confirmation may cure it).

## D.  Stay Violation

Conway argues that the Court should not reopen the case as there was no violation of the automatic stay. The parties do not appear to dispute the timing of the tax sale. Instead, Conway erroneously argues that the stay was not in effect based upon his reading of § 362(c)(2). This subsection allows an act to proceed against the debtor individually or against property *that is not property of the estate* once a discharge is entered. 11 U.S.C. § 362(c)(2). The property in question remained property of the estate at the time the *in rem* proceeding took place and, as such, the stay was violated.

The tax foreclosure proceeding occurred in violation of the automatic stay. The sale and transfer should be considered void *ab initio*. It is significant that the proceeding was an *in rem* proceeding, meaning that the action was taken against property—property that was property of the estate and continued to be property of the estate. Thus, the controlling section of the Bankruptcy Code is not § 362(c)(2); rather, § 362(c)(1) controls and explains that "the stay of an act against property of the estate . . . continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). Section 554(d) states: "[u]nless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." Unless the court orders otherwise, all property of the estate

is "abandoned" by law at the time a case is closed. *See* 11 U.S.C. § 554(c). This property, therefore, remained property of the estate at the time the tax sale occurred and at the time that the transfer of the deed occurred, as the case was not closed. If the case is reopened and a motion is brought before the Court, the sale would most likely be declared void so long as the Court has jurisdiction to make such a ruling. Thus, reopening is not futile.

### E. Rooker-Feldman Doctrine

Conway argues that the state court judgment is not subject to collateral attack, that Beneficial is prevented from raising an issue with the judgment due to a state statute of limitations, and that the issue was fully litigated in New York state court and cannot be relitigated. These arguments are without merit if this Court has the exclusive jurisdiction to determine stay violations.

Ordinarily, the *Rooker-Feldman* doctrine bars lower federal courts from reviewing state court decisions. *See In re Dabrowski*, 257 B.R. 394, 405 (Bankr. S.D.N.Y. 2001). However, there is an exception to this doctrine. A bankruptcy court can "override" a state court judgment if the state court judgment is void *ab initio*. *Id.* at 406. That is, state court judgments are subject to collateral attack in a federal court if the state court acted beyond its power. *Id.* In the Second Circuit, any proceedings or actions described in § 362(a)(1) are void and without legal effect if they occur after the automatic stay takes effect. *See Eastern Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994); *48th Street Steakhouse*, 835 F.2d at 431. This is true even if a creditor received no notice of the stay. *In re Heating Oil Partners*, 2009 WL 5110838, at * 9 (D. Conn. Dec. 17, 2009).

The ability to collaterally attack a state court judgment was first stated by the Supreme Court in *Kalb v. Feuerstein*, 308 U.S. 433, 438-39 (1940):

> It is generally true that a judgment by a court of competent jurisdiction bears a presumption of regularity and is not thereafter subject to collateral attack. But Congress, because its power over the subject of bankruptcy is plenary, may by specific bankruptcy legislation create an exception to that principle and render judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities and vulnerable collaterally.

Section 1334(a) of title 28 of the United States Code in conjunction with the Standing Order of Reference signed by Chief Judge Loretta A. Preska on January 31, 2012 gives bankruptcy courts "original and exclusive jurisdiction of all cases under title 11." Bankruptcy courts also "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334(b). "[N]othing in that section vests the states with any jurisdiction over a core bankruptcy proceeding, including 'motions to terminate, annul, or modify the automatic stay'" *Gruntz v. Cnty. of Los Angeles* (*In re Gruntz*), 202 F.3d 1074, 1083 (9th Cir. 2000).

Even assuming that the state courts have concurrent jurisdiction over stay violations, those judgments must bow to the plenary power vested in the federal courts over bankruptcy proceedings. *Id.* ("Indeed, that was precisely the issue in *Kalb*, in which the state was proceeding within its jurisdictional powers as to the subject matter, but in derogation of the federal bankruptcy stay."); *In re Benalcazar*, 283 B.R. 514, 526 (Bankr. N.D. Ill. 2002) ("[S]tate court judgments entered in violation of an automatic stay in bankruptcy are void *ab initio* and subject to collateral attack, even if the state court has (erroneously) determined that the automatic stay does not apply to the proceeding in which the order is entered.").

> [W]hile a state court has jurisdiction to determine the applicability of the automatic stay in the first instance, its jurisdictional determination is subject to collateral attack. Read in this way, *Gruntz* makes an unexceptional point: an

erroneous determination by a state court that the automatic stay does not apply has the effect of modifying the stay, which is uniformly understood to be beyond the state court's power.

*Benalcazar*, 283 B.R. at 529.

This point is further explained by the Sixth Circuit in *Chao v. Hosp. Staffing Serv's., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001):

> Not surprisingly, courts have uniformly held that when a party seeks to commence or continue proceedings in one court against a debtor or property that is protected by the stay automatically imposed upon the filing of a bankruptcy petition, the non-bankruptcy court properly responds to the filing by determining whether the automatic stay applies to (i.e., stays) the proceedings. *See In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir.1985) ("Whether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending ... and the bankruptcy court."). Assuming its jurisdiction is otherwise sound, the non-bankruptcy court may enter orders not inconsistent with the terms of the stay and any orders entered by the bankruptcy court respecting the stay. *See* [*Hunt v. Bankers Trust, Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986)] ("other district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay"). If, for example, the suit before the district court may proceed because an exception to the automatic stay authorizes prosecution of the suit, the district court may enter needful orders not themselves inconsistent with the automatic stay. *See Commodity Futures Trading Commission v. Co Petro Mktg. Group, Inc.*, 700 F.2d 1279, 1283-84 (9th Cir.1983).
>
> If the non-bankruptcy court's initial jurisdictional determination is erroneous, the parties run the risk that the entire action later will be declared void *ab initio*. *See Schwartz v. United States*, 954 F.2d 569, 570-71 (9th Cir.1992); *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 940 (6th Cir.1986). If a state court and the bankruptcy court reach differing conclusions as to whether the automatic stay bars maintenance of a suit in the non-bankruptcy forum, the bankruptcy forum's resolution has been held determinative, presumably pursuant to the Supremacy Clause. *See Raymark Indus. v. Lai*, 973 F.2d 1125, 1132 (3d Cir.1992) (bankruptcy court and state court both held action in state court not barred by the stay, but the Third Circuit reversed the bankruptcy court and remanded with instructions to enter an order vacating the judgment of the state court under an exception to the Rooker-Feldman doctrine).

(omission in original). "A Congressional grant of exclusive jurisdiction to the federal courts includes the implied power to protect that grant." *Gruntz*, 202 F.3d at 1083 (internal citations and quotations omitted).

The Ninth Circuit's reasoning in *Gruntz* comports with the reasoning of other bankruptcy cases in the Second Circuit and in the Southern District of New York. *See In re Heating Oil Partners*, 2009 WL 5110838, at *3-4 (D. Conn. 2009) ("There is a specific exception to the application of the *Rooker–Feldman* doctrine when the state court judgment is void."); *In re Dabrowski*, 257 B.R. 394, 406 (Bankr. S.D.N.Y. 2001) ("[T]here is an exception to the application of *Rooker–Feldman*. It exists when the state court judgment is void . . . ."); *see also In re Cruz*, 254 B.R. 801, 811 (Bankr. S.D.N.Y. 2000) (declaring the *Rooker-Feldman* inapplicable to a judgment that was entered in violation of the discharge injunction).

By deciding that the stay did not apply to the tax foreclosure sale when in fact it did, the state court essentially "annulled" the automatic stay by validating an action that would otherwise be considered void. *See In re Enron Corp.*, 306 B.R. 465, 477 (Bankr. S.D.N.Y. 2004) ("An order annulling the automatic stay has retroactive effect and validates actions or proceedings that would otherwise be deemed to be void *ab initio*."); *In re Best Payphones, Inc.*, 279 B.R. 92, 98 (Bankr. S.D.N.Y. 2002) ("An order terminating the automatic stay only acts prospectively, but an order annulling the automatic stay *nunc pro tunc* acts retroactively to validate otherwise void actions taken post-petition."). Only this Court has jurisdiction to annul the automatic stay. 11 U.S.C. § 362(d)(1) ("[T]he [bankruptcy] court shall grant relief from the stay . . . such as by . . . annulling . . . such stay . . . ."); *see also In re Dominguez*, 312 B.R. 499, 505 (Bankr. S.D.N.Y. 2004) ("Congress has declared that actions to 'terminate, annul, or modify' the automatic stay are core bankruptcy proceedings. . . . Consequently, it is undisputed that only a bankruptcy court

has jurisdiction to terminate, annul or modify the automatic stay."); *Siskin v. Complete Aircraft Serv.'s (In re Siskin)*, 258 B.R. 554, 562 (Bankr. E.D.N.Y. 2001) ("Consequently, it is undisputed that only a bankruptcy court has jurisdiction to 'terminate, annul or modify' the automatic stay."). As the Court has exclusive jurisdiction to annul the automatic stay, reopening the case is not futile.

## IV.  Conclusion

For the foregoing reasons, the motion to reopen is granted. No trustee need be appointed. Beneficial shall submit an order consistent with this Decision.

Dated: Poughkeepsie, New York
     November 15, 2013         /s/ Cecelia G. Morris
                                       CECELIA G. MORRIS
                                       CHIEF UNITED STATES BANKRUPTCY JUDGE